PHILIP D. STERN & ASSOCIATES, LLC
697 Valley Street, Suite 2D
Maplewood, NJ 07040
(973) 379-7500
Attorney of Record: Philip D. Stern
Attorneys for Plaintiff, Wilfredo Garcia

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILFREDO GARCIA,<br><br>   Plaintiff,<br><br> vs.<br><br>PRESSLER AND PRESSLER, LLP<br><br>   Defendants. | Case 2:10-cv-_____<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff, WILFREDO GARCIA, by way of Complaint against Defendant, PRESSLER AND PRESSLER LLP, says:

### **I. PARTIES**

1. WILFREDO GARCIA is a natural person.

2. At all times relevant to the allegations in this complaint, GARCIA was a citizen of and resided in the City of New York, Bronx County, New York.

3. At all times relevant to the allegations in this complaint, PRESSLER AND PRESSLER, LLP, is a for-profit limited liability partnership existing pursuant to the laws of the State of New Jersey and is engaged in the private practice of law. PRESSLER AND PRESSLER maintains its principal business address at 7 Entin Road, in the Township of Parsippany, Morris County, New Jersey.

## II. JURISDICTION & VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal district and because PRESSLER AND PRESSLER is located in the State of New Jersey.

## III. PRELIMINARY STATEMENT

6. Plaintiff brings this action for the illegal practices of the Defendants who used false, deceptive and misleading practices, and other illegal practices, in connection with their attempts to collect alleged debts from Plaintiff.

7. Plaintiff alleges that Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

8. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors, and determined that those collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a)-(e).

9. The FDCPA is a strict liability statute, which provides for actual and statutory damages upon the showing of a single violation. *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62-3 (2d Cir. 1993).

10. The Third Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Brown v. Card Serv. Ctr*, 464 F.3d 450, 453n1 (3d Cir. 2006).

11. To prohibit unfair practices, the FDCPA, at 15 U.S.C. § 1692c, places limits on communications in connection with debt collection.

12. Among these proscribed limits is the requirement that: without prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate with anyone other than the consumer, his attorney, a consumer reporting agency, the creditor, the attorney for the creditor, or the attorney for the debt collector. 15 U.S.C. § 1692c(b).

13. To prohibit abusive practices, the FDCPA, at 15 U.S.C. § 1692i(a)(2), requires a debt collector to bring a legal action on a debt in the judicial district in which the consumer signed the contract sued upon or in which the consumer resides at the commencement of the action. The term "judicial district," for purposes of actions brought in New Jersey state court, means the county. *Rutgers-The State University v. Fogel*, 403 N.J. Super. 389, 400 (App. Div. 2008).

14. The FDCPA applies to lawyers regularly engaged in consumer debt-collection litigation. *Heintz v. Jenkins*, 514 U.S. 291 (1995).

15. The FDCPA creates no exceptions for attorneys of the laws applicable to all debt collectors – even when that conduct falls within conduct traditionally performed only by attorneys. *Heintz v. Jenkins*, 514 U.S. 291 (1995). Thus, there is no "litigation privilege" for debt collecting attorneys. *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226 (4th Cir.

2007). "Attorneys who regularly engage in debt collection or debt collection litigation are covered by the FDCPA, and their litigation activities must comply with the requirements of that Act." *Piper v. Portnoff Law Associates*, 396 F.3d 227, 232 (3d Cir. 2005) (emphasis added).

16. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading representations or means in connection with the collection of any debt and sets forth a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. §1692e(1)-(16).

17. In addition, among those *per se* violations is the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. §1692e(10). A post-judgment motion filed to enforce litigant's rights in connection with the collection of a debt which contains a false statement that the judgment debtor was served with an information subpoena and that he failed to respond to it violates 15 U.S.C. §1692e(10).

18. GARCIA seeks actual damages, statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## IV. FACTS

19. Sometime prior to June 5, 2009, GARCIA allegedly incurred a financial obligation to New Century Financial Services, Inc. or its predecessor in interest ("Obligation").

20. On information and belief, the Obligation arose from a financial obligation for primarily personal, family, or household purposes.

21. GARCIA is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

22. The Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

23. PRESSLER AND PRESSLER is regularly engaged in the collection of debts. On information and belief, for many years, PRESSLER AND PRESSLER has filed more lawsuits in the attempt to collect consumer debts than any other law firm in the State of New Jersey.

24. PRESSLER AND PRESSLER is a "debt collector" as defined by 15 U.S.C. §1692a(6).

25. On or about June 5, 2009, PRESSLER AND PRESSLER commenced a lawsuit entitled *New Century Financial Services, Inc. vs. Wilfredo Garcia* ("Lawsuit") by filing a complaint in the Superior Court of New Jersey, Law Division, Special Civil Part, venued in Mercer County ("State Court"). The Lawsuit is designated in the State Court by Docket No. MER-DC-005863-09.

26. Pursuant to New Jersey Court Rules, the clerk of the Special Civil Part attempts service of process by simultaneously mailing a copy of the Summons and the Complaint by certified mail, return receipt requested, and by regular mail to an address provided to it by the plaintiff's attorney.

27. On information and belief, the clerk of the Special Civil Part, relying on information provided to it by PRESSLER AND PRESSLER, attempted service of the Summons and Complaint in the Lawsuit by mailing them to a Post Office Box in Princeton, New Jersey.

28. On or about September 3, 2009, PRESSLER AND PRESSLER obtained default judgment against GARCIA.

29. GARCIA did not receive actual knowledge of the Lawsuit until after the entry of default judgment. GARCIA contends that he was never served with process and any attempted service of process was in violation of his due process rights.

30. Although GARCIA is unaware of the basis for the claim as he has yet to see the complaint filed in the Lawsuit, he has no recollection of signing any contract which could form the basis for the claim in Mercer County, New Jersey.

31. At no time relevant did GARCIA reside in Mercer County. Instead, beginning in or about November 2008 and continuing through the present, GARCIA has resided in the City of New York, Bronx County.

32. GARCIA's ex-wife resides at 8 Birch Avenue, Princeton, New Jersey. GARCIA was divorced from her on March 30, 2005.

33. On or about October 14, 2010, PRESSLER AND PRESSLER communicated with GARCIA's ex-wife in connection with the collection of the Obligation by mailing a Notice of Motion to Enforce Litigant's Rights and supporting papers ("Motion") to 8 Birch Avenue, Princeton, New Jersey.

34. In the Motion, PRESSLER AND PRESSLER stated that it served an "information subpoena" on GARCIA by mailing it addressed to 8 Birch Avenue, Princeton, New Jersey.

35. Inasmuch as GARCIA did not reside at 8 Birch Avenue, Princeton, New Jersey, PRESSLER AND PRESSLER's statement that an information subpoena was served on GARCIA at that address is false.

36. Based on the false statement that GARCIA was served with an information subpoena and that he failed to respond, PRESSLER AND PRESSLER filed the Motion seeking to

adjudicate GARCIA in violation of litigant's rights, compelling him to answer, directing that he is to be arrested if he fails to appear in response to the Motion.

37. PRESSLER AND PRESSLER's filing of the Motion is a "legal action" within the meaning of 15 U.S.C. § 1692i(a)(2).

38. The State Court is not a "judicial district" in which GARCIA resided either at the time the complaint was filed in that court or at the time the Motion was filed.

## VII. FIRST CAUSE OF ACTION

39. Plaintiff realleges and incorporates by reference the preceding allegations of this Complaint as if set forth at length herein.

40. PRESSLER AND PRESSLER violated the FDCPA by bringing a legal action in a judicial district other than the one in which GARCIA signed the contract sued upon or the one in which GARCIA resided at the commencement of the action.

## VIII. SECOND CAUSE OF ACTION

41. Plaintiff realleges and incorporates by reference the preceding allegations of this Complaint as if set forth at length herein.

42. PRESSLER AND PRESSLER violated the FDCPA by making third party communications to GARCIA's ex-wife in the connection with the collection of a debt.

## IX. THIRD CAUSE OF ACTION

43. Plaintiff realleges and incorporates by reference the preceding allegations of this Complaint as if set forth at length herein.

44. PRESSLER AND PRESSLER violated the FDCPA by making a false statement that GARCIA was served with an information subpoena and that he failed to respond to it.

## IX. PRAYER FOR RELIEF

45.  WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor as follows:

- a.  An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;

- b.  An award of the maximum statutory damages for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- c.  Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

- d.  For such other and further relief as may be just and proper.

Philip D. Stern & Associates, LLC
Attorneys for Plaintiff, Wilfredo Garcia
*s/Philip D. Stern*

Dated: November 10, 2010                              Philip D. Stern