Philip D. Stern & Associates, LLC
Attorneys at Law
697 Valley Street, Suite 2d
Maplewood, NJ 07040
(973) 379-7500
Attorneys for Plaintiff, Wilfredo Garcia

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILFREDO GARCIA,<br><br>Plaintiff,<br><br>vs.<br><br>PRESSLER AND PRESSLER, LLP<br><br>Defendants. | Case 2:10-cv-05849-JLL-CCC<br><br>**JOINT DISCOVERY PLAN** |

1. Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

    *Plaintiff asserts three causes of action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692. Plaintiff claims that Defendant obtained a default judgment against him in the Superior Court of New Jersey venued in Mercer County when Plaintiff resided in Bronx, New York and then attempted enforcement of that judgment. Plaintiff also asserts that, by continuing to mail materials to Plaintiff's former marital residence, Plaintiff disclosed information about the debt to a third party. Finally, Plaintiff claims that Defendant made a false statement in connection with its attempts to collect the debt by stating that Plaintiff had been served with certain documents.*

    *Defendant denies the allegations.*

2. Have settlement discussions taken place?  Yes  **X**   No _____
    If so, when?
    (a) What was plaintiff's last demand?
        (1) Monetary demand: *$5,000.00 inclusive of statutory and actual damages.*
        (2) Non-monetary demand: *Attorney's fees and costs as determined by the court, vacating the State Court judgment and dismissal of the State Court action without prejudice.*
    (b) What was defendant's last offer?
        (1) Monetary offer: $
        (2) Non-monetary offer:

3. The parties have   **X**   have not  ____  exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

4. Describe any discovery conducted other than the above disclosures.
   *Plaintiff has served Interrogatories, Production Requests, and Admission Requests on March 15, 2011*

5. Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.
   *To be discussed at Conference.*

6. The parties proposed the following:
   (a) Discovery is needed on the following subjects:
      *All issues relevant to liability, damages and affirmative defenses.*
   (b) Should discovery be conducted in phases? If so, explain.
      *No.*
   (c) Number of Interrogatories by each party to each other party:   25
   (d) Number of Depositions to be taken by each party:   10
   (e) Plaintiff's expert report due on:   *August 15, 2011*
   (f) Defendant's expert report due on:   *September 15, 2011*
   (g) Motions to Amend or to Add Parties to be filed by:   *April 15, 2011*
   (h) Dispositive motions to be served within   35   days of completion of discovery.
   (i) Factual discovery to be completed by:   *July 29, 2011*
   (j) Expert discovery to be completed by:   *October 7, 2011*
   (k) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:
      *None.*
   (l) A pretrial conference may take place on:   *Per the Court*
   (m) Trial by jury or non-jury Trial?   *Non-Jury*
   (n) Trial date:   *Per the Court*

7. Do you anticipate any discovery problem(s)? If so, explain.   Yes ____   No  **X**

8. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of state witnesses or documents, etc.)? If so, explain.
   Yes ____   No  **X**

9. State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).
   *Per the Court's Order (Doc. 10), the matter is subject to compulsory arbitration.*

10. Is this case appropriate for bifurcation?   Yes ____   No  **X**

11.   We   do  ___   do not   X   consent to the trial being conducted by a Magistrate Judge.

                                         For Plaintiff(s):
                                         Philip D. Stern & Associates, LLC

                                         By: *s/Philip D. Stern*

Dated: April 27, 2011

                                         For Defendant(s):
                                         Pressler and Pressler, LLP, pro se

                                         By: *s/Mitchell L. Williamson*
Dated: April 27, 2011                        Mitchell L. Williamson

Case 2:10-cv-05849-JLL -CCC   Document 11   Filed 04/27/11   Page 3 of 3 PageID: 46